IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE J. STREETER, JR., | ) No. C 04-3969 CW (PR) |
| Plaintiff, | ) ORDER DIRECTING DEFENDANTS TO FILE RESPONSE TO PLAINTIFF'S REQUEST FOR RECONSIDERATION |
| v. | |
| COUNTY OF SANTA CLARA, ET AL., | |
| Defendants. | |

Plaintiff Eddie J. Streeter, Jr., a state prisoner, filed this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights when he was incarcerated at the Santa Clara County Main Jail. In September, 2006, the parties reached a confidential settlement agreement. A Stipulation and Order Dismissing the Case was signed by all parties, and the case was dismissed with prejudice on September 20, 2006.

Before the Court is Plaintiff's motion entitled, "Ex Parte Motion (Breach of Contract)." He has also filed a document entitled, "Writ Mandate Re: Payment Order (Breach of Contract)." Plaintiff claims that he had agreed to a sum of $49,600.00. He claims that he became suspicious a few years ago after not having received his settlement check. He also alleges he wrote four separate letters over the past four years in an attempt to receive his settlement payment. He claims that Defendants' insurance company sent a check in the amount of $46,000.00 to his home address and made it payable to his father, "Eddie J. Streeter Sr." Plaintiff argues that this is a breach of their settlement agreement. It seems that Plaintiff's father cashed the check, claiming that it was in his name and for his personal use.

1 Plaintiff is now attempting to reclaim his settlement payment
2 because he will soon be released from prison.  The Court construes
3 Plaintiff's motion as a request for reconsideration.
4     Where the Court's ruling has resulted in a final judgment or
5 order, as here, a motion for reconsideration may be based either on
6 Rule 59(e) (motion to alter or amend judgment) or Rule 60(b)
7 (motion for relief from judgment) of the Federal Rules of Civil
8 Procedure.  Because Plaintiff's motion was not filed within ten
9 days of entry of judgment, as is required for a Rule 59(e) motion,
10 it will be treated as a Rule 60(b) motion.
11     Rule 60(b) provides for reconsideration where one or more of
12 the following is shown:  (1) mistake, inadvertence, surprise or
13 excusable neglect; (2) newly discovered evidence which by due
14 diligence could not have been discovered before the Court's
15 decision; (3) fraud by the adverse party; (4) the judgment is void;
16 (5) the judgment has been satisfied; (6) any other reason
17 justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v.
18 ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  "Rule 60(b) []
19 provides a mechanism for parties to seek relief from a judgment
20 when 'it is no longer equitable that the judgment should have
21 prospective application,' or when there is any other reason
22 justifying relief from judgment."  Jeff D. v. Kempthorne, 365 F.3d
23 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).
24     Subparagraph (6) requires a showing that the grounds
25 justifying relief are extraordinary.  "'[T]he major grounds that
26 justify reconsideration involve an intervening change of
27 controlling law, the availability of new evidence, or the need to
28 correct a clear error or prevent manifest injustice.'"  Pyramid

2

1  Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th
2  Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433
3  F.2d 713, 715 (9th Cir. 1970)).
4      Here, Plaintiff seems to be making a motion for
5  reconsideration under Rule 60(b)(6), which, as mentioned above,
6  allows cases to be reopened under "extraordinary circumstances,"
7  including where the repudiation of a settlement agreement resulted
8  in complete frustration of the settlement and circumstances
9  indicate bad faith noncompliance with the settlement.  Before the
10 Court considers Plaintiff's motion, it directs Defendants to file a
11 response to his request for reconsideration.
12     No later than three (3) days from the date of this Order,
13 Defendants shall file a response to Plaintiff's "Ex Parte Motion
14 (Breach of Contract)" (docket no. 73) and his "Writ Mandate Re:
15 Payment Order (Breach of Contract)" (docket no. 74).
16     If Plaintiff wishes to reply to Defendants' response, he shall
17 do so no later than fourteen (14) days from the date Defendants'
18 response is filed.
19     The motion for reconsideration shall be deemed submitted as of
20 the date the reply brief is due.  No hearing will be held on the
21 motion unless the Court so orders at a later date.
22     The Clerk of the Court is directed to send Defendants'
23 attorney copies of the documents mentioned above (docket nos. 73,
24 74).
25     IT IS SO ORDERED.
26 DATED: 2/14/2011
27                              _____
                                CLAUDIA WILKEN
28                              United States District Judge

3

UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA

STREETER,

    Plaintiff,

v.

COUNTY OF SANTA CLARA
DEPARTMENT OF CORRECTIONS et al,

    Defendant.

Case Number: CV04-03969 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eddie J. Streeter V-17183
CA State Prison - Corcoran
B2-02-243
P.O. Box 3461
Corcoran, CA 93212

Dated: February 14, 2011

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk

4