IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE J. STREETER, JR., | ) | No. C 04-3969 CW (PR) |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING REQUEST FOR |
| v. | ) | RECONSIDERATION |
| | ) | |
| COUNTY OF SANTA CLARA, | ) | (Docket nos. 73, 74) |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

BACKGROUND

Plaintiff, a state prisoner, filed the above-referenced pro se civil rights action pursuant to 42 U.S.C. § 1983 regarding the conditions of his incarceration.

On September 1, 2006, Plaintiff met Defendants' representative, County Liability Claims Adjustor Ted Althausen, and the two sides reached a settlement agreement. (Def.'s Resp., Ex. A.)  The agreement required Defendants to pay Plaintiff $49,000.00, to make the check payable to Plaintiff's father, "Eddie J. Streeter Sr.," to call Plaintiff's father to verify his Louisville, Kentucky mailing address, and to mail the check to that address. (Id.) These terms were handwritten into the settlement agreement and initialed by both parties. (Id.)  Plaintiff signed the settlement agreement and the "Stipulation and Order Dismissing Entire Action With Prejudice" in the presence of Mr. Althausen. (Althausen Decl. ¶¶ 5-6.)

On or about September 12, 2006, Althausen confirmed Plaintiff's father's mailing address by telephone. (Id. at ¶ 8.) On September 13, 2006, Althausen mailed a $49,000 check to

United States District Court
For the Northern District of California

Plaintiff's father at the correct Louisville, Kentucky address. (Def.'s Resp., Ex. B.)  On September 15, 2006, the check was cashed.  (Def.'s Resp., Ex. D.)

On September 20, 2006, the signed "Stipulation and Order Dismissing Entire Action With Prejudice" was filed, and the Court dismissed this action with prejudice.

On March 1, 2010, Plaintiff filed the present motions entitled, "Ex Parte Motion (Breach of Contract)" and "Writ Mandate Re: Payment Order (Breach of Contract)" (docket nos. 73, 74). Plaintiff claims that "an agreement for $49,600.00 was reached" and that the "check should've been only made payable to Eddie Streeter 'Jr.'" (Mot. at 1-2.)  Because his father allegedly failed to forward the funds from the $49,000.00 check and because Defendants wrote the check to his father instead of to him, Plaintiff seeks $49,600.00 plus interest, or alternatively that the "case be able to be reopened." (Id. at 4.)

In an Order dated February 14, 2011, the Court construed Plaintiff's motions as a request for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, stating:

> Plaintiff argues that this is a breach of their settlement agreement.  It seems that Plaintiff's father cashed the check, claiming that it was in his name and for his personal use.  Plaintiff is now attempting to reclaim his settlement payment because he will soon be released from prison.  The Court construes Plaintiff's motion as a request for reconsideration.
>
> Where the Court's ruling has resulted in a final judgment or order, as here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. Because Plaintiff's motion was not filed within ten days of entry of judgment, as is required for a Rule 59(e) motion, it will be treated as a Rule 60(b) motion.

United States District Court
For the Northern District of California

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); <u>School Dist. 1J v. ACandS Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). "Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment." <u>Jeff D. v. Kempthorne</u>, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting <u>United States v. Desert Gold Mining Co.</u>, 433 F.2d 713, 715 (9th Cir. 1970)).

(Feb. 14, 2011 Order at 2-3.) The Court then directed Defendants to file a response to the motion for reconsideration.

On February 16, 2011, Defendants filed their response, stating that they have "complied with the terms of the settlement agreement" and "acted specifically as demanded by Plaintiff as a condition of securing the dismissal of his lawsuit." (Def.'s Resp. at 2.)

Plaintiff had fourteen days from the date Defendants filed their response, or until March 2, 2011, to file a reply to the response. (Feb. 14, 2011 Order at 3.) To date, Plaintiff has not filed a reply.

DISCUSSION

Usually, "upon repudiation of a settlement agreement, the

United States District Court
For the Northern District of California

frustrated party may sue anew for breach of the agreement and may not . . . reopen the underlying litigation after dismissal." Keeling v. Sheet Metal Workers Intern. Ass'n, Local Union 162, 937 F.2d 408, 410 (9th Cir. 1991).  However, "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order," where there is evidence of "bad faith noncompliance."  Id. at 410-11.

Here, there is no evidence of repudiation of the settlement agreement.  Despite making conclusory allegations regarding the terms of the settlement agreement, Plaintiff provides no evidence that the parties agreed to a settlement amount of $49,600.00 or that the check should have been made payable to himself, "Eddie J. Streeter, Jr."  As mentioned above, the record shows the terms of the settlement agreement contradict Plaintiff's allegations because the handwritten additions state that the settlement check for $49,000.00 would be made payable to "Eddie J. Streeter, Sr." Defendants have shown that they complied with the terms of the agreement.  (Def.'s Resp., Exs. A, B.)  Because there is no evidence of "bad faith noncompliance" on Defendants' part, no extraordinary circumstances exist to warrant reconsideration of the Court's dismissal of this action.  See Keeling, 937 F.2d at 410-11. Accordingly, Plaintiff's request for reconsideration is DENIED.  If Plaintiff wishes to file a breach of contract claim or a suit against his father for refusing to forward the funds from his settlement check, no such relief is justified in this Court. Instead, Plaintiff could seek relief by pursuing those claims in

4

state court.

CONCLUSION

For the foregoing reasons, Plaintiff's request for reconsideration (docket nos. 73, 74) is DENIED.

This Order terminates Docket nos. 73 and 74.

IT IS SO ORDERED.

DATED: 3/4/2011

_Claudia Wilken_

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

STREETER,

              Plaintiff,

  v.

COUNTY OF SANTA CLARA DEPARTMENT
OF CORRECTIONS et al,

              Defendant.

_____/

Case Number: CV04-03969 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 4, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eddie J. Streeter V-17183
CA State Prison - Corcoran
B2-02-243
P.O. Box 3461
Corcoran, CA 93212

Dated: March 4, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk